SPITCHLEY *v.* COVINGTON *et al.*

(Division A. Nov. 22, 1937. Suggestion of Error Overruled Feb. 28, 1938.)

[177 So. 31. No. 32902.]

W. S. Henley and Webster Millsaps, both of Hazle-
hurst, for appellee on motion.

L. F. Easterling, of Jackson, for appellants on motion.

**McGowen, J.**, delivered the opinion of the court on motion.

In this case appellees, Covington et al., moved to strike the stenographer's notes of the evidence taken before a master in chancery, also to strike certain original exhibits sent up to this court by the clerk by virtue of an order of the chancellor, and to require an additional appeal bond.

The motion to strike the stenographer's notes is based upon the facts, as shown by the record, that no notice was given to the stenographer to transcribe her notes of the

evidence taken in the cause, and that the notes taken by the stenographer were not filed as required by section 726, Code 1930, in fact, that section was ignored; that the transcript is incompetent because of the omission of certain exhibits therefrom, and that the said transcript was never made a part of the record as a part of the report of the master as originally filed, and that the attempt to amend the report by the master, by making the transcript a part thereof subsequent to the original report, was null and void, and that the master never signed the amended report so as to incorporate the transcript of the evidence therein and make it a part of said report.

1. The record reveals that the chancery court appointed W. H. Cox as the master to determine the issues and state an account between the parties, and by the decree appointing the master the latter was authorized to take evidence and use a stenographer for that purpose. The master heard the evidence which was taken by a stenographer and later transcribed, and the stenographer certified that she had correctly transcribed her notes. On August 27, 1936, the master made his report to the court, and on September 3, 1936, overruled the appellant's exceptions to his report. There appears in the record an order filed September 10, 1936, styled "Amendment to Master's Report," in which it is recited that the master "amends his report filed on September 10, 1936, in the following particulars, to-wit: That said report of said Master stated that Mrs. Bessie Nelson was employed as court reporter to take the evidence at the trial, but said report did not have attached to it said evidence as transcribed by said stenographer, the same not having been fully transcribed at that time. Your Special Master desires to file the transcript of the evidence taken and certified to by Mrs. Bessie Nelson as a part of this report.

"Respectfully submitted.

"_____

"Special Master."

As to the transcript of the stenographer's notes, it is apparent that the appellant did not comply with sections 724, 725, 726, and 727, Code 1930, with respect to making the transcript a part of the record. It is the precise contention of appellant that, the notes having been taken and transcribed by a stenographer, they automatically and necessarily became a part of the master's report, and that, if this is not true, then the unsigned paper, set forth above, amending the report, made the transcript of the evidence a part of said report and therefore a part of the record in the chancery court, that court having heard, considered, and approved the master's finding and entered a final decree in accordance therewith.

We are of the opinion that where a master is appointed, as in this case, with power to hear evidence and employ a stenographer to take the evidence heard before him orally, he may incorporate the transcript of the evidence as a part of his report to the court, and when this is done by the master the transcript of the evidence becomes a part of the record, and further notice or action on the part of an appellant is unnecessary. If the master should refuse to incorporate the transcript of the evidence in and as a part of his report, the parties to the litigation would not be remediless—it could be made to appear to the court, on exceptions to the report, that such transcript was necessary to a proper presentation of the case, and the master would be required to so amend his report as to incorporate the transcribed evidence therein. We are of the further opinion that the transcript of the evidence taken before a master becomes a part of the record only when the master incorporates it as a part of his report to the court—part of his findings and conclusions of law in the premises; that such transcript is not necessarily a part of his report, but he may make it a part thereof as readily as if he wrote out the evidence in his own handwriting. It appears from the record here that the master did not sign the amendment to the report,

the line for his signature is blank. Therefore, the transcript of the evidence never, in fact, became a part of the master's report because the transcript is here without the requisite identification and authentication. The master must identify his report or amendment thereto by his signature, or signed certificate thereof.

There is no merit in the contention that this transcript is properly here as determined by this court in Cooper v. Martin, 102 So. 851, because in that case the notes were expressly approved and their correctness certified by the chancellor. The correspondence and evidence here does not establish an agreement, either express or implied, with reference to the transcribed notes becoming a part of the record in this cause. It simply discloses that appellant paid for and attempted to have the transcribed notes certified as a part of the master's report, and failed therein because of the lack of identification thereof by the master.

Appellant argues that the transcribed notes in this cause should be treated as depositions. This is wholly impracticable for depositions are certified to and filed in the court in a formal manner, and when offered in evidence the stenographer notes that a particular deposition is offered in evidence, and thereupon the clerk is authorized to copy it as a part of the record. The trouble here is that this transcript is in no manner identified as being the evidence before the chancellor on the hearing. If the master had signed the amended report, it would have been certified as a part thereof and thereupon necessarily have been a part of the record. We simply hold that the transcribed notes may be made a part of the master's report either at the time of filing his original report, or that the report may be amended by filing the transcribed notes within a reasonable time before the hearing, on exceptions to the report before the court in term time or the chancellor in vacation. In the case at bar, the master having failed to sign the amended report, there is no identification of the proposed transcribed

notes as a part of the report and a part of the record in the cause. The transcribed notes of the evidence in this cause will be stricken from the record for the reason that they are not certified by the master, because of his failure to sign the amendment to the report. However, it may be that appellant will be able to have the clerk of the court below certify that this amended report on file in his office, referred to above, was in fact signed by the master at the time it was filed in that court, and appellant will be allowed fifteen days within which to have the clerk below, if he can, certify the record here in accordance with this opinion.

2. The court below made the following order in the final decree: "It is further ordered, adjudged and decreed that if this case should be appealed to the Supreme Court that the original exhibits introduced in evidence may be made a part of the record in lieu of copies thereof."

We unhesitatingly say that rule 28 of this court, found in 161 Miss., at page 907, does not authorize the trial court generally to send up all documentary exhibits to this court. No reason is assigned rendering it necessary and proper for the original papers to be sent to this court for its inspection, and such original exhibits should be sent to this court only when an inspection of them instead of the copies thereof would aid the court in determining a matter before it. In Planters' Oil Mill v. Yazoo & M. V. R. R. Co., 119 So. 168, this court said that it was never the purpose of rule 28 to permit originals to be sent up in lieu of the transcribed copies thereof, but it was intended to give this court that aid that may be derived from an inspection and comparison of documents, maps, writings, etc., which would, in the opinion of the trial judge, enable this court to determine more correctly the true effect of the various papers, signatures, etc. It may be in an unusual case that a map or other document is so bulky as to be well-nigh incapable of being correctly copied by the clerk, or it may be that on account of un--

usual or prohibitive cost in transcribing same the original exhibit may be sent to this court, but the reason for the exercise of this discretion by the trial court should be set forth when it deems it necessary to make such an order. We stress this point for the benefit of trial courts which grant orders to send up masses of original exhibits which this court could not examine intelligently without the aid of an accountant or expert; such exhibits will not be permitted except in unusual cases, such as before pointed out. The clerk of this court is directed to return the exhibits in this case to the clerk of the lower court. From an examination of the exhibits, there appears to be no reason why they could not have been copied in the record. The power does not exist in a trial court to arbitrarily and without good reason therefor order original exhibits sent to this court in lieu of the record prepared by the clerk.

3. The appeal bond objected to as being insufficient in this case was signed by Gillis Cato, as surety, on July 26, 1937, and approved by the clerk on July 28, 1937. On August 13th Gillis Cato wrote the clerk that he signed the bond while he was sick, and that he desired to be released from the obligations of said bond, and served notice that he would only be responsible for the costs which had accrued to that date. After a party has signed an appeal bond he cannot in this manner limit his liability or release himself from the obligations imposed by law by the due execution and filing of the bond. There is no merit in the objection to the bond for this reason.

The motion to strike the stenographer's notes will be sustained, with leave to the appellant within fifteen days to file a corrected transcript in this cause, if he desires and can do so. The motion to strike from the record the original exhibits and to have them returned to the clerk of the court below is sustained. The objection to the appeal bond herein is overruled.

So ordered.